IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. CARMICHAEL, 130336,<br>    Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 06-1571 |
| U.S. PAROLE COMMISSION et al.,<br>    Respondents. | )<br>)<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of William R. Carmichael for a writ of habeas corpus be denied for lack of a valid constitutional claim.

II. Report:

William R. Carmichael, an inmate at the Allegheny County Jail when this petition was filed who is apparently now housed at the Federal Correctional Facility in Philadelphia, has presented a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 which he has been granted leave to prosecute in forma pauperis. In his petition, Carmichael seeks to challenge the manner in which the federal parole commission calculated his sentence.

On February 10, 1975, the petitioner was sentenced by Judge Rosenberg of this Court to a ten year period of incarceration for assault on a postal employee and possession of an unregistered firearm. The effective date of that sentence was February 10, 1975 with a maximum expiration date of February 9, 1985 less time earned for good behavior.[1] On April 16, 1980

---

[1] See: Exhibit1 to the response.

Carmichael was paroled with a parole expiration date of February 9, 1985.[2] On February 9, 1982, the petitioner was charged with a parole violation as a result of a state court conviction[3] and a detainer was issued to be lodged against the petitioner at the place of his confinement on the state charges.[4] On January 5, 1984, it was recommended that the petitioner's federal parole be revoked with no credit for time spent on parole and his remaining federal sentence to commence upon his release from state custody.[5] This recommendation was adopted by the parole board on February 10 , 1984.[6] During the period of his state incarceration, it was determined that Carmichael not be released on parole and continue in custody when released from his state sentence.[7] On June 24, 1998, the federal parole board determined that the petitioner continue until the expiration of his violator term.[8] The petitioner reentered federal custody on December 28, 2001.[9] On April 8, 2002, it was anticipated that the petitioner would be released on federal parole on September 24, 2004 with a term expiration date of October 22, 2006.[10] On September 24, 2004, Carmichael was released on federal parole to remain on supervised release until October 22,

---

[2] See: Exhibit 2 to the response.

[3] See: Exhibit 3 to the response.

[4] See: Exhibit 4 to the response.

[5] See: Exhibit 6 to the response.

[6] See: Exhibit 7 to the response.

[7] See: Exhibit 8 to the response.

[8] See: Exhibit 9 to the response.

[9] See: Exhibit 10 to the response.

[10] See: Exhibits 11 and 12 to the response.

2006.[11] On June 20, 2006, an application for a parole violation warrant was made based on crimes charged while on parole and admitted by the petitioner.[12] Carmichael's parole was revoked with no credit towards the time spent on parole and with an estimated release date of February 9, 2008.[13] Petitioner did not accept this recommendation and the matter is set for a revocation hearing in March 2007.[14] Although essentially concurring in this recitation[15] Carmichael argues that his federal sentence expired when he was in state custody and thus, the present federal detainer should be quashed.

Contrary to petitioner's belief, the issuance of parole violation warrants on February 9, 1982 and June 20, 2006 served to toll the running of his federal sentence. Anderson v. United States, 898 F.2d 751 (9th Cir.1990). The fact that he would have desired the remainder of his federal sentence to run concurrently with his subsequent state sentence is without support. Moody v. Daggett, 429 U.S. 78 (1976).

The petitioner is presently housed at the Philadelphia Federal Detention Center where his federal parole revocation hearing will be conducted in March 2007, and thus he does not suffer any prejudice since his present detention will be credited to any sentence imposed. Berg v. U.S. Parole Commission, 735 F.2d 378 (9th Cir.1984). Furthermore, when parole is revoked, the defendant is not entitled to credit towards his sentence for time spent on parole. 28 C.F.R. 2.52(c)(2).

---

[11] See: Exhibit 13 to the response.

[12] See: Exhibit 14 to the response.

[13] See: Exhibit 16 to the response.

[14] See: Exhibit 17 to the response.

[15] See: Petition.

Thus, there is no showing that the petitioner's sentence has been improperly calculated, and for this reason, he is not entitled to relief here.

Accordingly, it is recommended that the petition of William R. Carmichael for a writ of habeas corpus be denied.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: February 27, 2007                    United States Magistrate Judge